IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PHOENIX ASSET GROUP, LLC and ROBYN A. BOWMAN,<br><br>Defendants. | Case No. 0:23-2775-ECT-JFD |

## RULE 26(f) REPORT

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on October 31, 2023 and prepared the following report.

### DESCRIPTION OF THE CASE

1. Concise factual summary of plaintiff's claims:  The SEC alleges that Defendant Robyn Bowman ("Bowman") and the company she owns and controls, Defendant Phoenix Asset Group, LLC ("Phoenix"), engaged in a fraudulent securities offering in violation of Section 17(a)(2) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(2)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)].  Specifically, the SEC alleges that Bowman and Phoenix raised at least $2.7 million by selling Phoenix securities to at least 20 investors.  The Defendants fraudulently raised these funds by making various misrepresentations and omissions about the safety of the investment and Defendants' use of investor funds.  Defendants have failed to repay their investors, who collectively lost more than $1.97 million.  The SEC seeks the remedies of injunctions, disgorgement plus prejudgment interest, and civil monetary penalties.

2. Concise factual summary of defendants' claims/defenses:  Defendants deny the SEC's allegations and will show that they acted reasonably, honestly, and in good faith.

3. Statement of jurisdiction (including statutory citations):  This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and 28 U.S.C. § 1331.

4. Summary of factual stipulations or agreements: The SEC and Defendants agree that they may serve each other via email.

5. Statement of whether a jury trial has been timely demanded by any party:  The SEC and Defendants have both timely requested a jury trial.

6. Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable: The parties do not agree to resolve this matter under the Rules of Procedure for Expedited Trials.

7. Has all process been served and have all pleadings been filed?  Yes.

8. Does any party have plans to seek to amend the pleadings or add additional parties to the action, and if so, what are those plans?  No party presently intends to amend the pleadings or add additional parties.

## FACT DISCOVERY

Having conferred about the unique needs of this case, and mindful of the goals of justice, efficiency, proportionality, and inexpensiveness, the parties recommend that the Court establish the following fact-discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before November 21, 2023. If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents not later than two weeks after the Court's entry of a protective order.

2. The parties must commence fact discovery in time to be completed by June 28, 2024. The parties will discuss whether a date for the substantial production of documents should be set within the fact-discovery period to facilitate the taking of depositions.

3. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the number of discovery procedures as follows:

    a. 25 interrogatories per side (the SEC may issue 25 interrogatories and Defendants may collectively issue 25 interrogatories).

    b. 25 document requests per side (the SEC may issue 25 requests and Defendants may collectively issue 25 requests).

    The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

    c. 25 requests for admission per side not related to the authentication of documents, 100 requests for admission per side related to the authentication of documents.

    The parties have discussed a protocol for the authentication of documents and agree on the following: as discovery advances, the parties will continue to meet and confer on a protocol for the authentication of documents.

    d. No more than 10 fact depositions shall be taken by each party. This total does not include expert depositions but does include depositions of organizational-designee depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational-designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated.

    e. The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement: The SEC has advised Defendants that it could notice a Rule 30(b)(6) deposition for Phoenix.  The parties will continue to meet and confer on the issue of Rule 30(b)(6) depositions.

    f. Zero Rule 35 medical examinations.

g.  The parties have discussed the impact of COVID-19 and the national response to the epidemic on this litigation. Counsel believe that this epidemic might affect the discovery phase of this case in the following ways:  Counsel for the parties do not believe that COVID-19 will impact the discovery phase in a material way.

**EXPERT DISCOVERY**

1. The parties anticipate that they will require expert witnesses at the time of trial.

   a. The plaintiff anticipates calling one or two experts in the fields of: background, custom, practices, restrictions, and regulations related to the debt collection industry; consumer protection statutes.

   b. The defendant anticipates calling one or two experts in the fields of: background, custom, practices, restrictions, and regulations related to the debt collection industry; consumer protection statutes.

2. The parties propose that the Court establish the following plan for expert discovery:

   a.  Initial experts

      i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before August 5, 2024 (any SEC expert).

      ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before August 5, 2024 (any SEC expert).

   b.  Rebuttal experts

      i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before September 6, 2024 (any Defense expert).

      ii. Any rebuttal expert's written report completed in accordance

      with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before September 6, 2024 (any Defense expert).

3. All expert discovery, including expert depositions, must be completed by September 27, 2024.

## OTHER DISCOVERY ISSUES

1. Protective Order

      The parties have discussed whether they believe a protective order is necessary to govern discovery and will jointly submit a proposed protective order/report identifying any areas of disagreement. The parties presently intend to use the Court's template, subject to minor modifications reflecting the plaintiff's status and obligations as a federal government agency.

2. Discovery of Electronically Stored Information

      The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving potentially discoverable electronic information. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues: The SEC will produce to Defendants the non-privileged documents produced to the SEC during the investigation that preceded this lawsuit in the format in which they were electronically produced to the SEC. The SEC will request that Defendants produce documents in a format consistent with SEC data delivery standards which it will provide to Defendants.

      The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The Guide should be read in advance of the Rule 26(f) Conference.

> The parties will further meet and confer by December 8, 2023 to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by December 19, 2023.

3. Claims of Privilege or Protection

> The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties: will include their agreement in the proposed Protective Order.  The parties further agree that they shall not produce or include on any privilege log internal SEC communications or communications solely between Defendants and their attorneys.

## PROPOSED MOTION SCHEDULE

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by February 29, 2024.

2. Motions seeking to amend the pleadings must be filed and served by February 29, 2024.

3. Non-dispositive motions:

    a. All non-dispositive motions relating to fact discovery must be filed and served by June 28, 2024.

    b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by September 27, 2024.

    The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4. All dispositive motions must be filed by October 31, 2024.

## TRIAL-READY DATE

1. The parties agree that the case will be ready for trial on or after January 31, 2025.

2. The anticipated length of the jury trial is 10 days.

3. The parties propose that the final pretrial conference be held on or before January 24, 2025.

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or a statement that the defendant is self-insured: **N/A**

## SETTLEMENT

At the Rule 16 Scheduling Conference, Magistrate Judge Docherty will ask the parties for their views about the optimal timing of a settlement conference in this case. The parties propose a settlement conference occur during the week of February 26, 2024, after initial document discovery has been completed.

## TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Respectfully submitted,

November 15, 2023

/s/ Benjamin J. Hanauer
Benjamin J. Hanauer (IL No. 6280156)
hanauerb@sec.gov
Sarah E. Hancur (DC Bar No. 480537)
hancurs@sec.gov
Andrew O'Brien (IL No. 6280729)
obriena@sec.gov
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois 60604
Tel: (312) 353-7390

*Attorneys for Plaintiff United States Securities and Exchange Commission*

        Craig Baune (MN No. 331727)
Assistant United States Attorney
District of Minnesota
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55414
Telephone: (612) 664-5600
craig.baune@usdoj.gov

*Local Counsel for Plaintiff*

**GREENSTEIN SELLERS PLLC**

November 15, 2023

By: */s/ Justice Ericson Lindell*
Justice Ericson Lindell (#312071)
Mihajlo Babovic (#397957)
825 Nicollet Mall, Suite 1648
Minneapolis, Minnesota 55402
justice@greensteinsellers.com
mihajlo@greensteinsellers.com
(763) 285-4684

*Attorneys for Defendants*